CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DON W. McKINNEY,** | )  |
| Petitioner, | ) Case No. 7:24CV00873 |
| v. | ) **OPINION** |
| **UNKNOWN,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Don W. McKinney, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a pleading that challenges his hospitalization for treatment at the Southwestern Virginia Mental Health Institute (SWVMHI) in Marion, Virginia. He states that he is stable and seeks his release from the hospital. The court construed and docketed the filing as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After review of the record, however, I conclude that the petition is properly construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismissed for failure to exhaust state court remedies.

When a petitioner challenges a restraint on his liberty that did not result from a state criminal conviction, as when the petitioner has been involuntarily committed by court order for mental evaluation or treatment, the proper habeas remedy arises under 28 U.S.C. § 2241. *Wood v. United States*, No. 2:18-CV-00328-RBH, 2018

WL 3537155, at *2 (D.S.C. July 23, 2018).  While § 2241 does not include a statutory requirement for exhaustion, a petitioner confined under an involuntary commitment order must exhaust the remedies available to him under state law before he can pursue habeas corpus claims in federal court.  *Muhammad v. Correct Care Sols.*, No. 1:15-4513-MGL-SVH, 2015 WL 12867460, at *1 (D.S.C.), *R. & R. adopted*, 2015 WL 12867459 (D.S.C. Dec. 18, 2015).

In Virginia, a person confined under an involuntary commitment order can challenge the validity of that commitment order by filing a petition for a writ of habeas corpus in the circuit court that issued the judgment, with an appeal of an adverse decision to the Supreme Court of Virginia, or he can pursue such a petition in the Supreme Court of Virginia.  *Miller v. Blalock*, 356 F.2d 273, 274 (4th Cir. 1966) (noting Virginia court remedies available to challenge validity of confinement under an involuntary commitment order).  Whichever route the committee chooses to follow, he must ultimately present his claims concerning the validity of his commitment to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider his habeas claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

McKinney states that he was found "NGRI," Pet. 1, ECF No. 1, not guilty by reason of insanity, a ruling that occurred in 1993, according to past cases decided by this court.   In the current habeas case, McKinney indicates that he has been confined

at SWVMHI for four years and four months. He does not, however, identify the circuit court that most recently ordered his continued commitment for treatment, nor does he provide any information showing that he has sought relief in any state court from that commitment order. Therefore, I will summarily dismiss McKinney's petition without prejudice for failure to demonstrate exhaustion of state court remedies.

    A separate Final Order will be entered herewith.

DATED: December 30, 2024

/s/  JAMES P. JONES
Senior United States District Judge